IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Greenville Hospital System, | ) |
| | ) C.A. No. 7:10-1986-HMH |
| Plaintiff, | ) |
| | ) **OPINION & ORDER** |
| vs. | ) |
| | ) |
| Glenn A. Betts, | ) |
| | ) |
| Defendant/ | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MedCost Benefit Services, LLC, | ) |
| | ) |
| Third-Party | ) |
| Defendant | ) |

This matter is before the court on the court's sua sponte review of subject matter jurisdiction over the instant action. Third-party Defendant MedCost Benefit, LLC ("MedCost") removed this action on July 30, 2010, from the South Carolina Court of Common Pleas of Spartanburg County. MedCost alleges that this action is removable because the third-party claim "involves" a federal question. (Notice Removal ¶ 5.) On May 25, 2010, Plaintiff Greenville Hospital System ("GHS") filed the instant lawsuit in state court alleging a claim for collection of a consumer debt against Defendant Glenn A. Betts ("Betts") for medical services rendered by GHS. Betts filed an answer and third-party complaint against MedCost alleging an indemnification claim on June 21, 2010. Specifically, Betts alleges that if GHS "is successful in securing a recovery against the Defendant Third-Party Plaintiff for any amount,

1

Defendant/Third-Party Plaintiff is informed and so believes that he should be fully indemnified and held harmless, and any such verdict, paid by" MedCost. (Ans. ¶ 13.)

"While courts are irreconcilably divided on the issue of whether a third-party defendant may remove a case to federal court, the majority view among courts and leading commentators is that third-party defendants may not remove a civil action." Sweder v. Fernau, No. Civ.A.5:05CV203STAMP, 2006 WL 696190 at *2 (N.D. W. Va. Mar. 17, 2006) (unpublished) (citing 14A Wright, Miller & Cooper, Federal Practice and Procedure Jurisdiction § 3731 (3d ed. 2005); Harper v. Sonnabend, 182 F. Supp. 594, 595 (S.D.N.Y. 1960)); see also Lewis v. Windsor Door Co., 926 F.2d 729, 733-34 (8th Cir. 1991); Thomas v. Shelton, 740 F.2d 478, 482-88 (7th Cir. 1984); Easton Fin. Corp. v. Allen, 846 F. Supp. 652, 653 (N.D. Ill. 1994) (". . . a third party defendant cannot invoke removal jurisdiction at all"); Folts v. City of Richmond, 480 F. Supp. 621, 624-25 (E.D. Va. 1979) (cross-claimant may not remove either under § 1441(a) or § 1441(c)); Brashear v. Baligian, C.A. No. 9:03-1796-23, 2003 WL 22717748, at *2 (D.S.C. Oct. 28, 2003) (unpublished) ("While there is a dearth of authority in the Fourth Circuit on the issue of whether a third party defendant can remove, [t]he majority of the rather considerable number of cases decided by the courts of appeal and the district courts have concluded that a third-party defendant . . . is not entitled to remove the case." (internal quotation marks and citations omitted)); Continental Resources & Mineral Corp. v. Continental Ins. Co., 546 F. Supp. 850, 852 (S.D. W. Va. 1982); Monmouth-Ocean Collection Service, Inc. v. Klor, 46 F. Supp. 2d 385, 393 (D.N.J. 1999) ("There is something to be said for the concern that third-party removal is too much akin to the tail wagging the dog." (internal quotation marks omitted)). "Accordingly, only a defendant, and not a third-party defendant, may remove an

action pursuant to 28 U.S.C. § 1441." Sweder v. Fernau, 2006 WL 696190 at *2. Thus, this action was improperly removed and must be remanded back to state court.

Further, some courts have held that 28 U.S.C. § 1441(c) "allow[s] removal under 28 U.S.C. § 1441(c) when the third party complaint asserts a separate and independent cause of action" based on federal question jurisdiction. Brashear, 2003 WL 22717748, at *2 ("The minority of courts that allow a third party to remove do so only under 28 U.S.C. § 1441(c), or when the third party complaint asserts a 'separate and independent' cause of action than the one advanced in the original complaint."). The third-party complaint alleges a claim for indemnification from MedCost. MedCost alleges that the indemnification claim "involves the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974." (Notice Removal ¶ 5).) However, a claim for indemnity is not a "separate and independent" cause of action, rather it is "incidental or ancillary to the main claim against" Betts for payment of the debt allegedly owed to GHS for medical services. Easton Fin. Corp., 846 F. Supp. at 654; Monmouth-Ocean, 46 F. Supp. 2d at 393-94; Patient Care, Inc. v. Freeman, 755 F. Supp. 644, 645, 650-51 (D.N.J. 1991) (involving analogous case where medical care provider sued for payment and defendant filed third-party complaint against group medical benefits plan seeking "indemnification from [the plan] for any judgment plaintiff might obtain against them"); Sanford v. Premier Millwork & Lumber Co., Inc., 234 F. Supp. 2d 569, 571-72 (E.D. Va. 2002). Therefore, MedCost cannot remove this case pursuant to § 1441(c). Based on the foregoing,

federal jurisdiction is absent in this case. Therefore, this matter is remanded for lack of subject matter jurisdiction. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Spartanburg County, South Carolina.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 4, 2010